**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| JOANN FORD,<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>SANDHILLS MEDICAL FOUNDATION, INC.,<br><br>    Defendants. | Civil Action No.:<br><br>REMOVED FROM:<br>COURT OF COMMON PLEAS<br>COUNTY OF CHESTERFIELD<br>Civil Action 2021-CP-13-00399 |

## I. NOTICE OF REMOVAL[1]

Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, 28 U.S.C. § 2679(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(a)(1) and (d), and on the grounds set forth below, defendant Sandhills Medical Foundation, Inc. (hereinafter "Sandhills"), removes to this Court the civil action of Plaintiff Joann Ford captioned *Joann Ford, on behalf of herself and others similarly situated v. Sandhills Medical Foundation, Inc.*, Civil Action 2021-CP-13-00399 and commenced on or about June 18, 2021 in the Court of Common Pleas for Chesterfield County, State of South Carolina.

Under Section 330 of the Public Health Service Act (codified at 42 U.S.C. § 254b *et seq.*), Sandhills is a community health center recipient of federal grant funds. At all relevant times, the

---

[1] As of the filing of this Notice of Removal, a similar action arising from the same set of operative facts is pending against Defendant Sandhills captioned as *Smithburg, Thomas Lindsay, and Robin Guertin, individually and on behalf of all others similarly situated v. Apple Valley Medicaid Clinic Ltd., Allina Health System, Sandhills Medical Foundation, Inc., and Netgain Technology, LLC*, Case No. 27-cv-21-7655 and Defendant Sandhills reserves the right to seek consolidation and/or a stay of the pending matters depending upon the court's order.

Secretary of the U.S. Department of Health and Human Services (HHS) deemed Sandhills and its officers, governing board members, employees, and (certain) contractors U.S. Public Health Service (PHS) employees a protected entity under 42 U.S.C. § 233(a). That protection is an absolute immunity from *any* civil action or proceeding for a deemed individual or entity's performance of (or alleged failure to perform) medical or related functions within the scope of his, her, or its deemed federal employment. 42 U.S.C. § 233(a) *et seq*.

This action falls squarely within the statutory protection. According to the operative complaint, this civil action arises out of its alleged failure to safeguard protected health information and other confidential information (referred to herein collectively as Protected Health Information or "PHI") related to the provision of health care services to its patients. As set forth in the complaint, Sandhills' alleged failures include being negligent and/or careless in failing to protection the PHI of Plaintiff and the putative class members.  A copy of the summons and complaint are attached hereto as Exhibit A.

## II.    JURISDICTION

1.    The Court has jurisdiction under 42 U.S.C. § 233(*l*)(2), a federal officer removal statute enacted specifically for the benefit of deemed PHS employees. Section 233(*l*)(2) provides a deemed individual or entity the right to a federal forum for determination as to the availability of a federal immunity defense. *Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113 (3d Cir. 2018) (recognizing this statutory purpose of § 233(*l*)(2)); *see also Booker v. United States*, Case No. 13–1099, 2015 WL 3884813 *7 (E.D. Pa. June 24, 2015) (recognizing "removal pursuant to § 233(*l*)(2) serves the same purpose as procedure contemplated by [28 U.S.C.] § 2679(d)(3)"]). The PHS Act imposes no time limit on Section 233(*l*)(2) removals. *Estate of Booker v. Greater Philadelphia Health Action*, 10 F.Supp.3d 656, 665-66 (E.D. Pa. 2014) ("The fact that § 233(*l*)(2)

was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves"); *Campbell*, 732 F. App'x 113 (§ 233(*l*)(2) removal is not permitted *after* entry of default judgment as that is no longer "before trial" within the meaning of § 233(c)); 42 U.S.C. § 233(c) (permits Attorney General to remove state actions on behalf of actual and deemed PHS employees "any time before trial").

2.    The Court also has jurisdiction under the general officer removal statute, 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule). The general officer removal statute protects important federal interests, and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."), *Willingham v. Morgan*, 395 U.S. 402, 406–407 (1969) (finding § 1442's language "broad enough to cover all cases where federal officers can raise a colorable defense arising out of the duty to enforce federal law").

3.    Pursuant to 42 U.S.C. § 1442(a)(1), Sandhills is an officer, or a person acting under a federal officer. When broadly construed, as required, the phrase "any officer" in § 1442 can be read to include Sandhills as it is "deemed to be an employee of the Public Health Service" under

3

a federal statute that not only affords Sandhills a federal immunity defense, but affords an additional removal right as well.

4.     In the alternative of finding that Sandhills is a qualifying federal officer under 42 U.S.C. § 1442, it nevertheless qualifies as a person acting under a federal officer. *Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021) (holding that (a) individual deemed PHS employee's removal under 42 U.S.C. § 1442 was proper because, as an employee of a deemed health center entity, he was acting under a federal officer with respect to medical and related functions performed on behalf of the health center entity, and (b) deemed PHS employee enjoyed "the same legal immunity that is extended to employees of the Public Health Service")); see also H.R. Rep. 104-398, 10 reprinted in 1995 U.S.C.C.A.N. 767, 774 (indicating congressional intent that deemed PHS employees be "covered for malpractice claims under the [FTCA] in the same manner as are employees of the Public Health Service.").

5.     To invoke § 1442(a)(1), a defendant who is not a federal officer must demonstrate that (1) he or she or it is a "person" under the statute (2) who acted 'under color of federal office' and (3) has a "colorable federal defense." 42 U.S.C. § 1442(a)(1). As a nonprofit corporation, which operates a federal grant project on behalf of HHS, Sandhills qualifies as a person within the meaning of § 1442. *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008) (finding that the "term 'person' includes corporate persons"). Sandhills "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 149 (2007); 42 U.S.C. § 254(o) (the central office of the Health Resources and Services Administration administers Health Center grant program on behalf of the HHS Secretary). In particular, Sandhills is statutorily obligated to serve an area or population that the HHS Secretary designated "medically underserved." *Id.* at 254b(a)(1). Sandhills is therefore supporting the

mission of the actual PHS by performing functions that would otherwise fall within PHS responsibilities.

6.      Sandhills' deemed federal status, which is irrevocable as to specified periods, affords "the same" immunity that an actual PHS employee enjoys under 42 U.S.C. § 233(a). 42 U.S.C. § 233(1)(A) (making remedy against United States "exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)"), (F) (providing that deemed status is "final and binding" on the United States and all parties to litigation). For § 1442, Sandhills' federal defense is "colorable," to the say the least.

7.      The Court also has jurisdiction under 28 U.S.C. § 1331. This case raises a question of substantive federal law as a threshold matter—*i.e.*, whether the alleged acts or omissions in the state action resulted from or arose out of Sandhills' "performance of medical, surgical, dental or related functions" within the scope of its deemed PHS employment status and, in turn, whether the United States must be substituted as the only proper defendant. *See also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995) ("Because a case […] raises a question of substantive federal law at the very outset, it clearly 'arises under' federal law, as that term is used in Art. III") (internal citations and quotations omitted); 28 U.S.C. § 1346(b)(1) (United States "district courts […] have exclusive jurisdiction of civil actions on claims against the United States").

8.      As a further basis for removal, Plaintiff's claims in this case are subject to removal because they arise under the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Specifically, Plaintiff raises the substantial federal question of whether Defendant Sandhills' conduct violated Section 5 of the Federal Trade Commission Act. This question, and the theories of liability and damages that naturally flow from this question, cannot be resolved without consideration of Plaintiff's claims arising under federal law.

9.    Finally, as an additional basis, Sandhills seeks removal of this action under 28 U.S.C. § 1441(c) based upon the district court's original jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(a)(1), (d). CAFA grants district courts of the United States original jurisdiction over class actions in which: (1) any member of the putative class is a citizen of a state different from any defendant; (2) the members of the putative class are over 100 people; and (3) where the amount in controversy for the putative class exceeds $5 million. *Id*.

### III.    PARTIES

10.    Although Plaintiff Joann Ford is a citizen of South Carolina. (Ex. A, Compl. ¶ 12., she seeks to bring a "nationwide class action on behalf of herself and on behalf of all others similarly situated" (Ex. A., Compl. ¶ 61.) and defines the nationwide class as "[a]ll individuals residing in the United States whose PII or PHI was exposed to an unauthorized party as a result of the Data Breach") (Ex. A., Compl. ¶ 62.). Accordingly, the allegations of Plaintiff's Complaint impacts individuals citizens living outside the State of South Carolina (Ex. A, Compl. ¶ 65).

11.    Defendant Sandhills is a South Carolina-based nonprofit organization that receives federal funding under Section 330 of the PHS Act (42 U.S.C. § 254b) to operate a community-based health center project that provides primary and related health care services to medically underserved residents of various South Carolina counties, regardless of any individual's ability to pay for the services. *See* 42 U.S.C. § 254b(a), (b), (j), (k). Sandhills serves specific geographic areas that the HHS Secretary has designated as "medically underserved." *Id*. at 254b(a)(1).

### IV. STATUTORY FRAMEWORK

#### A.  *FEDERAL OFFICER REMOVAL, 42 U.S.C. § 233*

12.     Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, PHS personnel are absolutely immunized from any civil action or proceeding arising out of their performance of medical, surgical, dental or related functions within the scope of their employment. 42 U.S.C. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the FTCA the *exclusive* remedy for such actions. *Id*.

13.     To facilitate the legislative objective of ensuring medical services in underserved areas , 42 U.S.C. § 233(a) shields PHS personnel from personal liability arising out of their medical and related duties. Without such protection, reports suggest that the cost of professional liability insurance would greatly hinder or altogether preclude the provision of these services. *See* § 2, 84 Stat. 1868; H.R. Rep. No. 1662, 91st Cong., 2d Sess. 1 (1970); 116 Cong. Rec. 42,543 (1970) (Rep. Staggers, the House of Representatives sponsor, stating that PHS physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive."). To achieve it purpose, the grant of absolute immunity to PHS personnel under 42 U.S.C. § 233(a) is "broad" and "comprehensive." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (immunity is broad enough to "easily accommodate both known and unknown causes of action").

14.     The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995) (the "FSHCAA"), 42 U.S.C. § 233(g) *et seq*., authorizes the HHS Secretary to extend to certain federally-funded health centers and their officers, directors, and employees (and certain contractors) the same protection that § 233(a) affords to actual PHS employees. That protection grants "*absolute immunity* . . . for actions arising out of the performance of medical or related

7

functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (emphasis added).

15.    To qualify as a deemed entity for § 233(a) immunity, a health center grantee must submit an application with detailed information and supporting documentation sufficient for HHS to verify that the coverage should apply to *all* services provided by the health center to patients (and in limited circumstances, non-patients) of the center. The applicant is also required to demonstrate that the health center meets four requirements listed in § 233(h), including a requirement to "implement[] appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits *arising out of any health or health-related functions performed by the entity*." 42 U.S.C. § 233(g)(1)(D) and (h) (emphasis added).

16.    The statute requires the Secretary to make a deeming determination for health centers and their personnel within 30 days of receipt of such an application. *Id*. at 233(g)(1)(E). The application seeks § 233(a) immunity in advance of and with respect to a specific prospective period (i.e., calendar year). A favorable deeming determination by the Secretary (which confers immunity) is "final and binding" (42 U.S.C. § 233(g)(1)(D)-(F)) on HHS, the Attorney General, and "other parties to *any* civil action or proceeding." 42 U.S.C. § 233(g)(1)(F) (emphasis added), with respect to the designated period.

17.    A negative determination (one denying a deeming application under 233(g) and (h)) is *not* final and binding. *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1271 (D.C. Cir. 2005) (recognizing statute's "final and binding" clause does not apply to a negative deeming determination).

18.    In the event of a negative deeming determination, the FSHCAA contemplates that the applicant would have a reasonable opportunity to pursue one or more of the following options:

seek reconsideration of the Secretary's decision; submit a new application addressing the Secretary's stated basis for the prior denial; challenge the Secretary's decision under the APA; or, procure private malpractice insurance. *El Rio Santa Cruz*, 396 F.3d at 1272.

19.    By requiring a prompt and advance deeming determination, which constitutes a final and binding determination on all parties for a specified and prospective period, and conferring absolute immunity from any and all forms of civil malpractice suits for that period, the FSHCAA is designed to eliminate a federally-funded health center's need to purchase (expensive) private malpractice liability insurance for actions arising out of the performance of medical or related functions within the scope of their employment and in so doing allows centers to devote their federal grant funds to patient services (rather than insurance premiums). *See* H.R. Rep. 102-823, pt. 1, at 3 (1992).

20.    When a civil action or proceeding is brought against a deemed PHS employee, the entity or individual has a duty to deliver the pleadings to the grantor agency's designated representative, which is HHS's Office of General Counsel (OGC). HHS OGC is in turn required, to promptly deliver copies of the pleadings to the Attorney General and appropriate local U.S. Attorney. 42 U.S.C. § 233(b)

21.    Upon notification of a state court action against a deemed individual or entity (which is confirmed by a Notice of Deeming Action), the Attorney General has a mandatory (non-discretionary) duty to appear in that court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at § 233(*l*)(1). The report to

the state or local court of the HHS Secretary's deeming determination is also "deemed to satisfy the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." *Id*. at § 233(*l*)(1); *Cf*. 28 U.S.C. § 2679(d)(3).

22.     If, despite that mandatory duty, the Attorney General (or his or her authorized representative) fails to appear in the state court action or proceeding within 15 days of notice of the state action and remove it to federal court, the deemed entity or individual has an absolute right to remove the matter to the appropriate federal district court, without any time limit for doing so. *Id*. at § 233(*l*)(2). Section 233(*l*)(2) is in substance and effect an officer removal statute, akin to (but even more generous than) the general officer removal statute at 28 U.S.C. § 1442(a)(1).

23.     Upon removal, the state court proceeding is stayed, by operation of law, until the federal district court conducts a "hearing" to determine the proper forum or procedure and issues an order consistent with its determination. 42 U.S.C. § 233(*l*)(2).

24.     The hearing in federal district court following § 233(*l*)(2) removal allows a deemed entity or individual to challenge the federal government's failure or refusal to "determine[] under subsections (g) and (h) of [§ 233], that such entity [or] employee … is deemed to be an employee of the [PHS] for purposes of [§ 233] with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at § 233(*l*)(1). Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as the only proper defendant in his or her (or its) place. *El Rio Santa Cruz*, 396 F.3d at 1272; *see also Booker*, 10 F.Supp.3d at 656.

### B.  FEDERAL QUESTION JURISDICTION

25.    As an additional basis, removal of this action is proper pursuant to 28 U.S.C. § 1331, because Plaintiff's allegations include a question arising under "[c]onstitution, laws, or treaties of the United States." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint'"), *quoting Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846-2847, 77 L.E.2d 420 (1983).

26.    Because the substance of Plaintiff's action hinges on a contested question of federal law, it necessarily arises under federal law. Removal to this Court is thus proper pursuant to 28 U.S.C. §§ 1331 and 1441(a).

### C.    *REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1332*

27.    In addition to removal under the Federal Officer Statute and for purposes of federal question jurisdiction, the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, ("CAFA") provides another basis for removal of Plaintiff's complaint.

28.    CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and must be read "broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S.Rep. No. 109-14, at 43 (2005)). While Defendant Sandhills Medical Foundation disputes Plaintiff's claims in this matter, and reiterates that it is not the proper party in interest, nor that Plaintiff's claims have merit, the complaint itself meets each of CAFA's threshold requirements.

29.    Under CAFA, original jurisdiction exists within the district courts when a class comprises more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). In addition to the threshold

11

numerosity requirement, minimal diversity must exist for CAFA to confer original jurisdiction on the district court. Minimal diversity is satisfied when *any* plaintiff, or prospective class member is a citizen of a different state than *any* defendant. 28 U.S.C. § 1332(d)(2)(A). *See Mississippi ex rel. Hood v. AU Optronics, Corp.*, 571 U.S. 161, 165 (2014) (finding that CAFA replaces the ordinary requirement of complete diversity among all plaintiffs and defendants with a requirement of minimal diversity). Finally, CAFA confers jurisdiction on the district court when the amount in controversy, taking into account all purported categories of damages, exceeds $5 million.

## V.     FACTUAL AND LEGAL GROUNDS FOR REMOVAL

30.     Sandhills submitted deeming applications for itself and its personnel with respect to each year and all times relevant to this action. The HHS Secretary, under 42 U.S.C. § 233(g) and (h), approved the applications and deemed Sandhills and its personnel for purposes of the protections afforded under § 233(a) *et seq*. Copies of the Notice of Deeming Action for the calendar years 2019, 2020, and 2021 are attached hereto as Exhibit B.

31.     On or about June 18, 2021, Plaintiffs filed a civil action against defendants in Minnesota state court alleging that they each failed to safeguard their PHI, as required, in connection with or related to health care services they received *See* Exhibit A (summons and complaint).

32.     The complaint alleges, among other things:

a.     Plaintiff and Class Members relief on this sophisticated Defendant to keep their PII and PHI confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information. (Ex. A, Compl. ¶ 21).

b.     Defendant had a duty to adopt reasonable measure to protect Plaintiff's and Class Members PII and PHI from involuntary disclosure to third parties. (Ex. A, Compl. ¶ 22).

4:21-cv-02307-RBH    Date Filed 07/26/21    Entry Number 1    Page 13 of 21

      c.     Defendant did not use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information it was maintaining for Plaintiff and Class Members, causing their PII and PHI to be exposed. (Ex. A, Compl. ¶ 27).

33.     On July 7, 2021, Sandhills accepted service of plaintiffs' summons and complaint. Ex. C (acceptance of service).

34.     On July 8, 2021, Sandhills delivered copies of the summons and complaint to HHS. Ex. D (notification through HHS OGC's designated email address). The next day, July 9, 2021, Sandhills provided courtesy copies of the summons and complaint to the U.S. Attorney for the District for the District of Minnesota, even though HHS, not Sandhills, is required to provide such notice. 42 U.S.C. § 233(b). Ex. E (notice to U.S. Attorney for the District of Minnesota)

35.     Because Sandhills is not privy to communications between HHS OGC and the Attorney General and/or U.S. Attorney for the District of Minnesota, it does not know whether HHS OGC has notified either as contemplated by 42 U.S.C. § 233(b). To date, however, the Attorney General has not appeared to remove this state court action to federal court, as required by 42 U.S.C. § 233(*l*)(1).

## A.  SCOPE OF FEDERAL IMMUNITY

36.     As previously stated, § 233(a) provides absolute immunity to deemed PHS employees "for damage for personal injury, including death, *resulting from the performance of medical*, surgical, dental, *or related functions*, […] while acting within the scope of his office or employment." 42 U.S.C. § 233(a), (g).

37.     The immunity provided under § 233(a) is not limited to medical malpractice, but encompasses liability arising out of "*related functions"—i.e.,* functions that are related to the performance of medical, surgical, or dental functions. 42 U.S.C. § 233(a); *see e.g., Z.B. ex rel.*

*Next Friend v. Ammonoosuc Community Health Services, Inc.*, 2004 WL 1571988, *4 (D. Me. June 13, 2004) (phrase "related to" in regulation recognizes that § 233(a) immunity extends beyond the mere act of providing medical care); *see also Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14–cv–05504–JST, 2015 WL 4967257 at *1 (N.D. Ca. 2015 Aug. 20, 2015) (granting, over objection, motion by United States to substitute itself in place of deemed health center defendant in civil action asserting claims for, among other things, violation of "the Americans with Disabilities Act," "Civil Rights Act of 1964," and "Health Insurance Portability and Accountability Act of 1996").

38.     The claims against Sandhills resulted from its "performance of medical … or related functions" within the scope of its deemed federal employment. 42 U.S.C. §§ 233(a), 254(b). On its face, the complaint alleges various theories of professional malpractice or malfeasance against Sandhills. In essence, the complaint alleges that Sandhills, with respect to Plaintiff Robin Guertin and its other similarly situated patients, breached its duty maintain the confidentiality of their respective PHI and, as a result, caused harms to Plaintiff Robin Guertin and the proposed class member patients of Sandhills.

39.     Maintaining the confidentiality of a patient's health and confidential information is a "medical … or related function" within the meaning of 42 U.S.C. § 233(a). The statute that governs the health center program, and makes a health center eligible for deemed status in the first place, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C); *see also Kezer v. Penobscot Community Health Center*, 15-cv-225-JAW, 2019 BL 141566 at *6 (D. Me. Mar. 21, 2019) (breach of patient confidentiality claim against deemed PHS employees falls within the scope of § 233(a) immunity,

and performance of administrative or operational duties, including the duties the maintain the confidentiality of patient PHI, can qualify as "related functions" within the meaning of § 233(a)); *Cf. Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 300 (D. Conn. 2001) (finding that doctor's duty to report suspected child abuse is a "related function to the doctor's performance of medical services."); *Brignac v. United States*, 239 F.Supp.3d 1367 (N.D. Ga. 2017) (recognizing that allegations of failing to report misconduct and failing to hire and retain is conduct covered under the FSCHAA); *La Casa de Buena Salud v. United States*, 2008 WL 2323495, **18-20 (D.N.M. March 21, 2008) (recognizing that FSHCAA coverage under § 233(a) may extend to claims of negligent hiring, retention, and supervision).

40.     The maintenance of confidential patient records and information is not only a medical or related function within the scope of Sandhills health center project/deemed PHS employment, but this action is rooted in allegations that it failed to adequately perform such functions. In other words, the complaint acknowledges, if not hinges on, the inextricable connection between the provision of health care services and the duty to maintain the confidentiality of patient information. Ex. A, Compl. at ¶ 57 ("Plaintiff Ford suffered actual injury in the form of damages to and the diminution in the value of her PII and PHI—a form of intangible property that Plaintiff Ford entrusted to Defendant *for the purpose of her treatment*, which was comprised in and as a result of the Data Breach.")(emphasis added).

41.     Plaintiffs' exclusive remedy with respect to the alleged acts or omissions of Sandhills is a claim against the United States under the FTCA. *See* 42 U.S.C. § 233(a) (remedy against United States provided by FTCA "shall be exclusive of any other civil action or proceeding.").

**B.  JURISDICTION PURSUANT TO FEDERAL QUESTION**

42.    Plaintiff alleges that Defendant violated section 5 of Federal Trade Commission Act, and that this conduct constitutes negligence *per se*. For example, Plaintiff alleges:

> 103. Additionally, section 5 of the FTC Act prohibits 'unfair…practices in or affecting commerce,' including, as interpreted and enforced by the FTC the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect PII and PHI. The FTC publications and orders described above also form part of the basis of the Defendant's duty in this regard.
>
> 104. Defendant violated section 5 of the FTC Act by failing to use reasonable measures to protect PII and PHI and not complying with applicable industry standards, as described in detail herein….
>
> 105. Defendant's violation of section 5 of the FTC Act constitutes *negligence per se*.
>
> 106. Plaintiff and the Nationwide class are within the class of persons the FTC Act was intended to protect.

(Ex. A, ¶¶ 103-106).

43.    Pursuant to a plain reading of Plaintiff's operative complaint, Plaintiff has alleged that Defendant violated federal law, and is negligent *per se* as a result. Thus, Plaintiff's cause of action for negligence cannot be resolved without determining substantial questions of federal law, including whether the FTC Act creates a private right of action, whether Plaintiff and the putative class are within the class of persons the FTC Act was designed to protect, and whether and to what extent, if at all, Defendant's conduct implicates the protections of the FTC Act.

44.    Even where a complaint arguably sets forth only state law causes of action, a case may nevertheless arise under federal law where the well pleaded complaint "establishes… that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[.]" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005). In this case, in addition to Plaintiff's cause of action for negligence, Plaintiff's entire theory of the case requires interpretation of the FTC Act.

45. Because the substance of Plaintiff's action hinges on a contested question of federal law, it necessarily arises under federal law. Removal to this Court is thus proper pursuant to 28 U.S.C. §§ 1331 and 1441(a).

## C. JURISDICTION UNDER CAFA

46. As stated, Sandhills also seeks removal of this action under CAFA. CAFA grants district courts of the United States original jurisdiction over class actions in which: (1) any member of a putative class is a citizen of a state different from any defendant; (2) the members of the putative class are over 100 people; and (3) where the amount in controversy for the putative class exceeds $5 million. 28 U.S.C. §§ 1332(a)(1), (d).

47. The proposed class satisfies CAFA's numerosity requirement, which provides that, for removal to be proper, a class must be composed of more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff has plead a nationwide class, and estimates that the number of potential class members could exceed 1.4 million. (*See* Plaintiff's Complaint at ¶ 65). Accordingly, the putative class patently exceeds 100 members.

48. In addition, to the threshold numerosity requirement, this case meets the requirement of minimal diversity. Plaintiff Joann Ford, though a citizen of South Carolina, (Ex. A, Compl. ¶ 12), seeks to bring a "nationwide class action on behalf of herself and on behalf of all others similarly situated" (Ex. A., Compl. ¶ 61.) and defines the nationwide class as "[a]ll individuals residing in the United States whose PII or PHI was exposed to an unauthorized party as a result of the Data Breach") (Ex. A., Compl. ¶ 62.). Meanwhile, Defendant Sandhills Medical Foundation is a corporation organized and existing pursuant to South Carolina law, and is therefore a citizen of the State of South Carolina.

17

49.     Plaintiff's complaint necessarily includes citizens living outside of the State of South Carolina (Ex. A, Compl. ¶ 65). As a result of Plaintiff's putative nationwide class, minimal diversity exists between the putative class members and the Defendant.

50.     Jurisdiction before this Court is also proper because the purported amount in controversy exceeds the jurisdictional threshold amount. *See* 28 U.S.C. § 1332(d)(6) ("To determine whether the matter in controversy" exceeds $5,000,000, "the claims of the individual class members shall be aggregated"), Plaintiff generally alleges that "personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200." Moreover, "Experian reports that a stolen credit or debt card number can sell for $5 to $110 on the dark web." (Ex. A, Compl. ¶ 37). Sandhills denies Plaintiff's claims of wrongdoing, denies the allegations in the Complaint, and denies the Plaintiffs can meet the requirements for class certification. As pled, however, the total amount of compensatory, exemplary, punitive, and statutory damages, restitution, attorney's fees, injunctive relief, and other monetary relief at issue in this action, on an aggregate, class wide basis, would exceed CAFA's $5 million jurisdictional minimum. *See Dart Cherokee*, 574 U.S. at 87-88 (noting that notice of removal under CAFA need only identify "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

51.     No exceptions to CAFA jurisdiction apply in this case, whether mandatory or discretionary. *See* 28 U.S.C. § 1332(d)(3)-(4). First, the burden is upon Plaintiff to establish that any exception to CAFA applies. *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018). In addition, CAFA jurisdiction is to be interpreted broadly, and in favor of removal. Because no exception to jurisdiction exists in this matter, and because each of the threshold

jurisdictional requirements are met, the district court has original jurisdiction over Plaintiff's claims.

## VI.    OTHER PROCEDURAL REQUISITES

52.  Venue before this court is proper because this Notice of Removal is filed in the federal district court that embraces the place where the local circuit court matter is pending. *See* 28 U.S.C. §§ 1441(a), 121(6).

53.  Under 28 U.S.C. § 1446(b)(1), removal is timely as Defendant Sandhills Medical Foundation filed this notice of removal within thirty days of service of the initial complaint. 28 U.S.C. § 1446(b)(1).

54.  In addition, a copy of this Notice of Removal has been contemporaneously filed with the circuit court where this action was filed, along with copies of all process and pleadings. 28 U.S.C. § 1446(d)

## VII.    CONCLUSION

For the forgoing reasons, the Court should, after staying all proceedings and conducting a hearing pursuant to 42 U.S.C. § 233(*l*)(2), substitute the United States as the only proper defendant in place of Sandhills in the above-captioned action. As an additional basis, under both federal question and CAFA, this Court is vested with original subject matter jurisdiction of this action. Accordingly, Sandhills respectfully requests that this Court enter such orders as may be necessary to accomplish this removal and would further ask that the South Carolina circuit court take no further action.

Dated: July 26, 2021                          Respectfully submitted,


                                              By:____/s/ Michael D. Wright____

J. Preston Strom, Jr. (Fed.Id. No. 4354)
Jessica L. Fickling (Fed.Id No. 11403)
STROM LAW FIRM, LLC
6923 N. Trenholm Road, Suite 200
Columbia, SC 29206
TEL: (803) 252-4800 / FAC: (803) 252-4801
petestrom@stromlaw.com
jfickling@stromlaw.com


Vincent A. Sheheen (Fed I.D. No. 7016)
Michael D. Wright (Fed I.D. No. 11452)
SAVAGE, ROYALL & SHEHEEN, L.L.P.
P.O. Drawer 10
Camden, S.C. 29021
Telephone: (803) 432-4391
Facsimile:  (803) 425-4812
vsheheen@thesavagefirm.com
mwright@thesavagefirm.com

Matthew S. Freedus*
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, N.W., 4th Floor
Washington, DC 20036
202.466.8960 (telephone)
202.293.8103 (facsimile)
mfreedus@ftlf.com

*Attorneys for Defendant Sandhills Medical
Foundation, Inc.*

*A motion for *pro hac* admission will be filed
promptly

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I caused a true and correct copy of the foregoing Notice of Removal, along with its Exhibits and all other documents filed in support thereof, to Dylan Bess, Esquire, Counsel for Plaintiff at the following address: sbrown@forthepeople.com

July 26, 2021