IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JoAnn Ford, on behalf of herself and all others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>Sandhills Medical Foundation, Inc.,<br><br><br><br>                 Defendant. | C/A No. 4:21-cv-2307-SAL<br><br><br><br><br>**ORDER** |

       This court previously granted in part and denied in part Defendant Sandhills Medical Foundation, Inc.'s ("Sandhills") motion to dismiss. [ECF No. 64.] Now before the court is Sandhills' motion to reconsider. [ECF No. 67.] For the reasons that follow, the court denies the motion.

## STANDARD OF REVIEW

       Although the parties cite Federal Rule of Civil Procedure 59(e) in their briefs, the applicable standard for this motion is found in Rule 54(b), which governs interlocutory orders that resolve fewer than all claims. Rule 54(b) provides that such orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This standard is generally less stringent than Rule 59(e) but allows revision only under limited circumstances—where new facts emerge, there is an intervening change in the law, or the court has committed clear error resulting in manifest injustice. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) ("Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light[,] . . . [but] the discretion Rule 54(b) provides is not limitless."). Accordingly, a court may revise a

non-final order if new facts come to light, if the applicable law changes, or if the court determines it made a clear error resulting in a manifest injustice. *Id.*

## DISCUSSION

The court's prior order details the relevant facts, and the court will not fully recite those here. But briefly, Plaintiff JoAnn Ford ("Ford") was a patient at Sandhills, which collected her personal identifying information ("PII") and stored it with a third-party vendor. *See* ECF No. 64 at 1. In late 2020, the third-party vendor's online platform was breached by hackers. *See id.* at 2. In March 2021, Sandhills notified Ford of the breach and offered her free identity theft protection services. *See id.* Shortly afterward, an unauthorized individual attempted to obtain a $500 loan using Ford's PII. *See id.* Ford filed this putative class action lawsuit on behalf of herself and other similarly situated individuals in state court in June 2021, asserting claims for negligence, breach of implied contract, invasion of privacy, and breach of confidence. *See id.* The matter was removed in July 2021. [ECF No. 1.]

Sandhills moved to dismiss, arguing Ford lacked standing because (1) she had not alleged a concrete injury, and (2) the loan application was in the name JoAnn Ford while Sandhills only had records for JoAnn Ray, her maiden name. Thus, Sandhills claimed the injury was not fairly traceable to the breach.[1] [ECF No. 55.]

The court rejected both arguments. First, Ford plausibly alleged an injury-in-fact by asserting that her information was used in a fraudulent loan attempt. [ECF No. 64 at 8.] Second,

---

[1] In addition to the arguments discussed here, Sandhills moved to dismiss the class allegations and argued for dismissal under Fed. R. Civ. P. 12(b)(6) and (7). The court granted the motion to dismiss the breach of confidence cause of action but denied the rest of Sandhills' motion. *See* ECF No. 64 at 23. Only the standing arguments are referenced in Sandhills' motion for reconsideration. *See* ECF No. 67.

2

the court found Ford sufficiently alleged that her injury was fairly traceable to Sandhills' conduct. *Id.* at 10. The court explained,

> Ford has satisfied her burden at this stage . . . and sufficiently alleged the fraudulent attempt to take out a loan is a result of the Data Breach. It may very well be that discovery reveals this is not in fact the case and that the unidentified fraudster received Ford's personal information through some other source.

*Id.* at 10.

In its motion to reconsider, Sandhills claims the court erroneously concluded that Ford met her burden simply because Sandhills did not dispute that "JoAnn Ray" was a patient. [ECF No. 67 at 5.] That oversimplifies the court's reasoning. As detailed in the prior order, the court did not rely solely on Sandhills' concession. Rather, the court considered the full set of allegations and reasonable inferences, including that an identity thief in possession of PII under the name JoAnn Ray could easily discover her married name and apply for a loan as JoAnn Ford. *See* ECF No. 64 at 9–11.

At this stage, Ford's burden is modest—she need only allege that her injuries are fairly traceable to Sandhills' conduct. She has done so. *See Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 623 (4th Cir. 2019) ("We have concluded that the fairly traceable standard is not equivalent to a requirement of tort causation." (internal quotations and citations omitted)); *Weisenberger v. Ameritas Mut. Holding Co.*, 597 F. Supp. 3d 1351, 1359 (D. Neb. 2022) ("Article III standing does not require the defendant's conduct to be the immediate cause, or even the proximate cause, of the plaintiff's injuries—only that the plaintiff's injuries be fairly traceable to the defendant's conduct." (citing *Attias v. Carefirst, Inc.*, 865 F.3d 620, 629 (D.C. Cir. 2017))). Ford's pleadings go beyond an "ingenious academic exercise in the conceivable," referenced in *Hutton*. *See* 892 F.3d at 623. That is enough to survive a motion to dismiss.

Here, Sandhills points to no new facts, no change in controlling law, and no clear error resulting in manifest injustice. Accordingly, its motion is denied.

## CONCLUSION

For the above reasons, the court **DENIES** Sandhills' motion for reconsideration, ECF No. 67.

**IT IS SO ORDERED.**

May 23, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge